### George W. Myers v. Margaret B. Elliott.

1.  HOMESTEAD—*What is Not Conclusive Evidence of the Abandon-
ment of.*—The fact that the husband voted at a different place from the
situs of the homestead, and that the wife announced the property was
for sale, is not conclusive evidence of the abandonment of the homestead.  ·

Bill for an Injunction.—Appeal from the Circuit Court of Edgar
County; the Hon. HENRY VAN SELLER, Judge, presiding.  Heard in
this court at the October term, 1901.  Affirmed.  Opinion filed Febru-
ary 19, 1902.

W. H. CLINTON and J. E. DYAS, attorneys for appellant.

Myers v. Elliott.

Dundas & O'Hair and Van Sellar & Shepherd, attorneys for appellee.

Mr. Justice Wright delivered the opinion of the court.

Appellee filed her bill in equity against appellant, as sheriff, to restrain the sale under execution against her of a house and lots in the city of Paris claimed by her as exempt by virtue of the homestead act. Upon answer being filed the cause was heard by the court, and decree given in accordance with the prayer of the bill, and the injunction was made perpetual, and to reverse this decree the present appeal is brought.

It appears that appellee was the owner of the property and resided therein with a former husband and it was then her homestead. After the death of her husband she married Elliott, who worked in the country, and rented a farm there, and she went to stay with him, and at the same time rented the lower rooms of her town property, leaving a part of her household effects in the upper rooms, and reserved a part of the stable for her own and husband's use, and to which they occasionally returned for a night or a day, and she testified it was her intention and also that of her husband to return to live in the house permanently the following January. It also appears the husband voted in Shilo, where he resided, and appellee said the property was for sale. We are not of the opinion that the fact that the husband voted at a place different from the situs of the homestead, and the wife announced the property was for sale was conclusive evidence of the abandonment of the homestead. In truth we think there was little or no evidence that appellee had or intended to abandon her homestead. Upon the whole evidence we think the court was well warranted in the conclusion there had been no abandonment of the homestead and the decree was therefore right and it will be affirmed.